## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>John M. Lawlor,<br><br>      Debtor.<br><br>_____<br><br>SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,<br>      Movant,<br><br>        v.<br><br>John M. Lawlor,<br><br>      Debtor/Respondent,<br><br>Carol L. Lawlor,<br><br>      Co-Debtor/Respondent,<br><br>Kenneth E. West,<br><br>      Trustee/Additional Respondent. | Bankruptcy No. 26-10287-djb<br><br>Chapter 13<br><br>Hearing Date: May 14, 2026<br>Hearing Time: 11:00 A.M.<br>Hearing location: 900 Market Street<br>Courtroom Number #2<br>Philadelphia, PA 19107 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY OF SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST TO PERMIT FORECLOSURE OF 300 HAINES DRIVE, NORTH WALES, PENNSYLVANIA 19454**

SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Movant" or "Secured Creditor"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and

11 U.S.C. § 1301 of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. John M. Lawlor ("Debtor") filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code on January 23, 2026.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 3, 2005, John M. Lawlor and Carol L. Lawlor executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $350,000.00 in favor of Equity One, Inc., d/b/a Popular Financial Services.  A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded July 13, 2005 in Book 11519 at Page 1331 of the Public Records of Montgomery County, Pennsylvania.  A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 300 Haines Drive, Twp. of Upper Gwynedd (North Wales), Pennsylvania 19454 (the "Property").

6. The loan was last assigned to SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST and same recorded with the Montgomery County Recorder of Deeds on January 17, 2024, as Instrument Number 2024002898. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C".

7. Secured Creditor is the holder of the Note ("Noteholder"), and is either the original

26-10287-djb
26-392078
MFR

mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the Promissory Note and the Promissory Note is either made payable to Noteholder or has been duly endorsed.

8. Based upon the Debtor(s) Chapter 13 Plan ("Plan")(at Docket No. 10) post-petition monthly mortgage payments for the Property shall be paid by the Debtor outside the Plan and directly to Movant. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "D".

9. Carol L. Lawlor ("Co-Debtor") is also liable on and/or has secured the aforementioned debt jointly with the Debtor(s).

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $3,057.37 which came due during the period February 1, 2026 through April 1, 2026.

11. Thus, Debtor(s)' post-petition arrears total $9,172.11 through April 30, 2026. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the cure period alleged above. In addition, as this Motion for Relief is timely filed, if applicable, Debtor shall also be responsible for related legal fees and costs in prosecution of this action.

12. Currently, the unpaid principal balance due under the loan documents is $204,203.43. Movant's total claim amount, itemized below, is $309,577.38. *see* Exhibit "E"

| Principal Balance | $204,203.43 |
|---|---|
| Interest | $38,527.41 |
| Escrow Advance | $57,219.36 |
| Suspense Balance | ($1,885.98) |
| Total fees | $80.75 |
| ACCUM Late Charges | $991.96 |
| Recoverable Balance | $10,440.45 |
| Total Payoff | $309,577.38 |

13. Debtor(s)' docketed schedules list the value of the Property as $506,154.40.  A true and correct copy of Debtor Schedule A/B is attached hereto as Exhibit "F".

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

15. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

16. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

18. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)  and 11 U.S.C. § 1301 to permit SELENE FINANCE LP,

AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the mortgaged property described herein, gain possession of said mortgaged property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 04/16/2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/Sherri R. Dicks
SHERRI R. DICKS
PA Bar Number 90600
Email: sdicks@raslg.com

26-10287-djb
26-392078
MFR

## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

In re:
**John M. Lawlor**

**CHAPTER:**    13

**Debtor(s)**    **CASE NO.**    **26-10287-djb**

## DECLARATION OF INDEBTEDNESS

Property Address:
300 Haines Drive, Twp of Upper Gwynedd (North Wales), Pennsylvania 19454

Mortgage Servicer:
SELENE FINANCE LP

Post-petition mailing address for Debtor(s) to send payment:
Selene Finance LP, Attn: Bk Dept., 3501 Olympus Boulevard, Suite 500, Dallas, Texas 75019

Mortgagor(s)/Debtor(s):
John M. Lawlor and Carol L. Lawlor

Payments are contractually due:

☒ Monthly ☐ Semi-monthly    ☐ Bi-weekly    ☐ Other

Each Monthly Payment is comprised of:
Principal and Interest.....    $1,816.06
R.E. Taxes......................    $1,241.31
Insurance.........................    $0.00
Late Charge....................    $0.00
Other..............................    $0.00    (Specify: N/A)
**TOTAL**.........................    $3,057.37

**POST-PETITION PAYMENTS** (Petition was filed on January 23, 2026)

| Arrears Due | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| 02/01/2026 DUE | $0.00 | $3,057.37 | - | $0.00 | N/A |
| 03/01/2026 DUE | $0.00 | $3,057.37 | - | $0.00 | N/A |
| 04/01/2026 DUE | $0.00 | $3,057.37 | - | $0.00 | N/A |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 3 as of April 9, 2026.
TOTAL AMOUNT OF POST-PETITION ARREARS: $9,172.11 as of April 9, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have examined the information in the foregoing, and have a reasonable belief that the information contained herein is true and correct.

Dated:    APR 1 4 2026

Mortgage Company
SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST

Christine Le Bankruptcy Specialist
(Print Name and Title)

Jacksonville        FL
Location
Signature

26-10287-djb
26-392078
MFR