**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>John M. Lawlor,<br>　　　Debtor.<br><hr>SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,<br>　　　Movant,<br><br>　　　v.<br>John M. Lawlor,<br>　　　Debtor/Respondent,<br><br>Carol L. Lawlor,<br>　　　Co-Debtor/Respondent,<br><br>Kenneth E. West,<br>　　　Trustee/Additional Respondent. | Bankruptcy No. 26-10287-djb<br><br>Chapter 13 |

**ORDER**

AND NOW, this        day of         , 2026, upon consideration of SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's Motion for Relief from Automatic Stay, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, any response thereto and this court's finding that the mortgaged property is not necessary for an effective reorganization, it is hereby

ORDERED, that the automatic stay provisions of Section 362 of the United States Bankruptcy Code are hereby unconditionally terminated with respect to SELENE FINANCE LP,

AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST; and it is further

ORDERED, that SELENE FINANCE LP, AS SERVICER IN FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns are entitled to proceed with appropriate state court remedies against the real property located at 300 Haines Drive, Twp. of Upper Gwynedd (North Wales), PA 19454, including without limitation, Sheriff Sale of the Property, and it is further

ORDERED that the Chapter 13 Trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or Order to the contrary, Movant must return to the Trustee any payments received from the Trustee on account of Movant's secured claim after entry of this Order.

**Date: May 13, 2026**

BY THE COURT:

_____

Derek J. Baker
U.S. Bankruptcy Judge